(75 App. Div. 184.)

PEOPLE ex rel. TOWN OF WALTON v. BOARD OF SUP'RS OF DELAWARE COUNTY.

(Supreme Court, Appellate Division, Third Department. July 8, 1902.)

1. MANDAMUS—JUDGMENT AGAINST COUNTY—TAX—MISAPPROPRIATION BY TREASURER—RELEVY OF TAX.

Where, in an action against a county, a town recovered judgment, with directions, under Laws 1869, c. 907, that a tax be levied therefor, and that the money when collected be deposited with the county treasurer, and by him invested for the benefit of the town, and such tax was levied and collected, the fact that the treasurer misappropriated the money by paying it out on other obligations of the county does not entitle the town to a mandamus to compel the board to levy another tax to satisfy such judgment.

Kellogg, J., dissenting.

Appeal from special term, Broome county.

Action for mandamus, on relation of the town of Walton, against the board of supervisors of Delaware county. From an order denying a peremptory mandamus, relator appeals. Affirmed.

Marvin & Hanford, for appellant.

George A. Fisher (Edwin D. Wagner, of counsel), for respondent.

FURSMAN, J. On the 10th of November, 1893, the supervisors of the town of Walton, in Delaware county, recovered a judgment in behalf of the town and against the supervisors of the county, directing them to levy and collect from the taxable property of the county the sum of $2,019.16, with interest to the time of such collection, and deposit the same with the county treasurer of the county, to be by him invested for the benefit of the town, in accordance with the provisions of chapter 907, Laws 1869, and amendatory acts. The judgment directed such levy to be made at the next thereafter annual session of the board, that the money when collected be deposited with the county treasurer for the benefit of the town, and that upon receipt of the money by such treasurer he should invest and keep the same invested in accordance with the provisions of the acts above mentioned. On the 13th of November, 1893, the board of supervisors convened in its annual session for that year, and on the 18th adopted a resolution by which the sum of said judgment was levied upon the taxable property of the county, and the same was thereafter collected in due course, and paid, with the other general taxes, to the county treasurer, in pursuance of the requirements of the judgment. The treasurer did not, however, invest the sum for the benefit of the town of Walton, as required, but paid it out upon other obligations of the county. The relator now seeks to compel the county by mandamus to again levy, collect, and set apart, as by such judgment directed, the sum therein named, and deposit the same with the county treasurer for the benefit of the town. The board of supervisors has already obeyed in every respect the commands of the judgment. The money has been by its order levied, collected, and paid to the county treasurer. Nothing remains to be done by that body to meet fully the requirements of the judgment. So far as the board is concerned, the judgment is met and satisfied. If the treasurer has not obeyed its requirements, that is not the fault of the board. The command of the judgment as to him was personal, and wholly independent of them. As to the requirement to invest the money for the benefit of the town, he was in no sense the agent of the county. He was a trustee for the town, owing a specific statutory duty to it, and none whatever to the county. That he applied it to the payment of other obligations of the county does not alter the situation. He did it without right and without authority. He had the money of the town in his possession, and refused or neglected to obey the command of the judgment. The supervisors did everything required of them; the treasurer did nothing required of him. This money was levied and collected in due course, and paid over to the treasurer. Every requirement of the judgment was thus complied with, so far as the

supervisors were concerned. The money was in the hands of the treasurer, not as the agent of the county, but as trustee for the town, having a specific duty to perform with respect to it, viz., to invest it for the benefit of the town. His failure to do that is not at all the failure of the supervisors or of the county. The order should be affirmed, with costs.

Order affirmed, with $10 costs and disbursements. All concur, except KELLOGG, J., who dissents.